Good morning. May it please the Court, Deputy Attorney General Heather Crawford appearing on behalf of Respondent Appellant. The District Court erred in granting habeas relief in this case because the State Court could reasonably have concluded that the two Blythe illustrations did not alter the prosecution's burden of proof. Here you had several unquestionably clear and correct jury instructions on reasonable doubt, followed by two illustrations that were, at worst, ambiguous. Well, or plainly incorrect. Excuse me? Or plainly incorrect. It's our position. They gave two examples which the State court says that it gave contrasting a doubt that's reasonable with one that is not. Even the State court misunderstood what the judge said. The judge did not give two contrasting illustrations of one that is reasonable and one that is not. It gave two examples that were both reasonable doubt. Only one was more reasonable than another. Correct, Your Honor. So that even the court of appeals didn't understand what he was doing. The instruction the illustrations were definitely ambiguous. No, no. Not ambiguous. They're plainly wrong, weren't they? I mean, the first thing about Blythe requires an exceptionally reasonable doubt, does it not? I mean, it's so far out. Yes, Your Honor. Can't you say that they're just plainly wrong, misleading to the jury? And the second one said it was also reasonable. Correct, Your Honor.  So didn't the court of appeals directly, clearly misunderstand the instruction? The court of appeal looked at the illustrations and determined that they were indeed illustrations that did not alter the burden of proof. No. No, no, no. That's not what I asked you. Didn't they misunderstand what the judge did? The judge, the court of appeals said he gave one instruction, one example that was reasonable with one that was not. That's correct, Your Honor. That's correct. And that's wrong. He gave two illustrations that were reasonable. That were reasonable. So the court of appeals was clearly wrong. They clearly misunderstood what the judge did. Our position is how did this burden of proof? No, not your position. Did they not, did the court of appeals not clearly misunderstand what the trial judge did? In concluding that they were illustrations, the court of appeal did misunderstand the ambiguous illustration. So if the court misunderstood, aside from everything else wrong with this instruction, if the court misunderstood, we can pretty much assume that it wasn't too clear for the jury either? On these facts, I respectfully disagree. At worst, the jury was already thoroughly confused. And they asked four different times for more information about what a reasonable doubt was. He then gives them something that's not only wrong in suggesting that in the first illustration that we're talking about something exceptional and nutty to be a reasonable doubt. But in the second illustration, he gives an example of something that sounds like it's an unreasonable doubt, but it's really a reasonable doubt. And he does it with a but, suggesting that it's a contrast, which the court of appeals clearly thought was the opposite of what he was doing, because he seemed to think he was giving one reasonable and one unreasonable, but he wasn't. He was giving two reasonable. Well, if the jury was confused before that, how do you think they were after that? The court specifically said that maybe that's not so unreasonable. I don't see how that suggests unreasonableness. In other words, that's also reasonable. Correct. Not so unreasonable means reasonable. Excuse me, Your Honor? If it's not unreasonable, it's reasonable. Correct. I definitely agree that these were two examples of reasonableness, the first one being the extreme reasonable doubt, or the extreme doubt. And the second one also evoked a doubt. But it certainly didn't come across that way, and it wasn't even understood that way by the court of appeals. It seems to me that given all of the clear and correct jury instructions in this case. Yeah, but they, I mean. This was not like a case where you've got 15 instructions, you read them together, and you read one in light of the other 14. This was a case where after he gave the reasonable doubt instruction, which was perfectly lawful and proper, some jurors didn't understand it. And if he said to them, go back and read it, there'd be no problem. Instead, he tried to explain to confused jurors what it meant. And instead of explaining to them what it meant, he gave a totally confusing instruction to people who were already confused. It seems to me that prior to giving the Blythe illustrations, there was one juror that was indeed still demonstrably confused. And before giving the Blythe instructions, the Court specifically said, now, if you have a doubt and it's reasonable, then you vote not guilty. But they wanted to know what reasonable meant. Excuse me, Your Honor? They wanted to know what was a reasonable doubt. The jury was looking for quantitative proof of reasonable doubt. What they wanted was the defense counsel's chart that had been used during closing argument. Obviously, that could not be provided. Why is that? Well, it was not evidence. It was simply a chart. Well, if it was a chart, it was something that was presented to them. It was the Court specifically said it was used during closing argument. It's not evidence. It had to do with beyond a shadow of a doubt. Beyond extreme doubt. Beyond reasonable doubt. And the jury was fixated on this chart and was really requesting the chart. So most of this discussion, you'll see there are a lot of references to requests for the chart. But before the Blythe instructions were given, the Court specifically gave proper reasonable doubt instruction, saying if you have a doubt and it's reasonable, then you vote not guilty. And juror number three, the one remaining confused juror, said, thank you, I just wanted that clarified. Thank you. However, juror number three did go on to have a problem explaining what reasonable doubt was. That doesn't necessarily mean he or she misunderstood it. It just suggests he or she had a problem describing the reasonable doubt standard back to the judge. And that is when the judge said, again, if you have a reasonable doubt, it's not guilty. And then went on to give the two Blythe illustrations, which provided examples of reasonableness. And ended those illustrations by saying, reason and logic apply. Basically saying that even a moderate doubt might be reasonable at that point. Reason and logic apply. The second illustration specifically, again, granted, was ambiguous as to whether the listener was doubting that it would be too cold to water ski in Blythe in July, or was doubting the speaker's belief that it would be too cold to water ski in July. Either way, these were reasonable doubts, according to the second illustration. The pivotal question is whether any ambiguity made it reasonably likely the jury misapplied the standard of proof. And in this case, we believe absolutely not. There's no reasonable likelihood the jury ignored all of the correct jury instructions on reasonable doubt in the prosecution's verdict. Kagan. But that part is what's disturbing. If a jury has all those instructions and comes back and is plainly confused and says they're confused, then obviously the other instructions were not satisfying them, so we can't assume that they were following them because they said repeatedly that they didn't understand them. When they came into the courtroom, they did not come in specifically because they were confused. A conversation did ensue regarding a request for that chart, and could the court make the reasonable doubt, make reasonable doubt clearer. And the court did several times describe, reread CALJIC 2.90 and give some explanatory instruction that was, that is unquestioned here and was correct. There's no possibility the jury parsed through the Blythe illustrations, ignored the second illustration, which was an example of reasonable doubt, and somehow it concluded it could acquit only if it had extreme doubt, as the district court in Stolte seemed to suggest. There is also no reasonable likelihood the jury misapplied the burden of proof as to the assault count, which is the only count at issue here. The assault count was not even questioned. There was no reasonable doubt even. Kagan. Why the assault? Oh, because the rape count was reversed, isn't it? I'm sorry. Why is the assault count the only one that's here? Because the rape one was reversed? There were two rape charges, an assault and a robbery. The two rape charges, he was acquitted of the two rape charges. Right. And he was convicted of the assault and the robbery. The robbery was since reversed. The court of appeal reversed the robbery. So the only count before us today is the assault count, which was not even at issue at trial. Specifically, defense counsel chose to focus on the rapes and robbery and, in essence, admit the assault count. During closing argument, defense counsel specifically conceded that Stolte hit the victim in the face and stomach, causing injury, and even said that Stolte should not have hit the victim because she had not hit him and she and his life was not in jeopardy. If this were an erroneous reasonable doubt instruction, would we apply a harmless error standard or not? I'm sorry. If this was an erroneous reasonable doubt standard, would that be structural error or not? If it was a misdescription of reasonable doubt with no other correct jury instructions, yes, it would be structural error. I agree with that. However, that's not the case here because the jury was correctly instructed numerous times, and the challenged illustrations, by their language, did not supplant those correct instructions. Those illustrations did not invite the jury to apply an incorrect burden of proof. It simply illustrated, both illustrations together simply illustrated doubts that could be considered reasonable. And it was a fairly broad spectrum from extreme to fairly moderate reasonableness. Well, you know, that's what it is. I don't think that's what he told the jury it was because he said, well, here is a clearly unreasonable. Oh, no, here's a clearly reasonable doubt. But, and then he went on to the next one. Well, what did the but mean? The but would make you think that it was an unreasonable doubt, which is what the California court thought it was. At the end, he specifically says maybe that's not so unreasonable. Reason and logic apply. Again, apply reason and logic. But then why does the California court think he was contrasting a reasonable doubt with an unreasonable doubt? I can't be certain why the appellate court came to that conclusion, Your Honor. Well, it seems because that's what the judge thought he was doing, too. That's why he said but. This is a reasonable. That would be a reasonable doubt. But if you doubt this. If you read the entire second illustration, though, you realize that is actually an example of a reasonable doubt. These are all reasonable to doubt if you apply reason and logic. By saying. Well, you could have just told them apply reason and logic, I suppose. Well, by saying but maybe that's not so unreasonable, the court indicates that a person could entertain reasonable doubt even if that person concludes that the thing causing doubt is arguable. If you read through the whole illustration, you realize it is an example of reasonableness. And again, the one juror that was expressing some confusion indicated that he or she understood prior to these Blythe illustrations. And Caljit 2.90 was in back with the jury in the jury room, as the record indicates. When they came in originally, they said we're deadlocked on the rape or we're having trouble with the rape, and we might be having trouble with the assault, too, or something to that effect? What did they do when the jury came in? When they came in, when the jury came in, it was deadlocked on the rape count. But they also said something about it, and we might also be on the assault count. It said it had come to a verdict on the assault count, and because it was deadlocked on the rape count, some jurors were expressing an opinion that maybe they want to reconsider the assault count, too. That's not a misunderstanding of reasonable doubt at that point. That's a misunderstanding of the fact that you can indeed consider each count separately. Not necessarily. No, it's a statement that the jurors now were in some doubt. Some jurors were in doubt as to the assault charge. Again, looking at the facts on this record, you can only assume they considered the assault count first because it was so straightforward. But the indication seemed to be that they wanted to put the assault on hold until they resolved the rape charge. It sounded like some of the jurors were reconsidering the assault count. That's correct. It does not sound like it was the deadlock that count one. They were definitely deadlocked on the rape count. However, the rape count, both rape counts, he was acquitted of both rape counts. The assault count had already been considered prior to any of this discussion, and again, the one remaining jury that was confused expressed understanding prior to the Blythe illustrations. And again, nothing in these illustrations invites the jury to apply the wrong burden. The proper burden of proof had already been clearly and correctly given to the jury. Which obviously didn't satisfy the jury's concern that they didn't understand what it meant. Again, the reason they were in the courtroom, the written question that brought them in there had nothing to do with reasonable doubt. This conversation definitely exploded into something more than perhaps it should have. However, again, if you look very closely, nothing in these instructions invited the jury to apply the wrong burden of proof. The Supreme Court has never said that proper jury instructions, followed by an ambiguous example, renders an entire charge unconstitutional. Therefore, it can't be said that the state court's determination was contrary to clearly established federal law. The district court erred in determining otherwise. And we believe its judgment should be reversed. Thank you. Good morning. May it please the Court. Jonathan Libby appearing on behalf of Brian Stolte. Your Honors, Judge Pregerson's detailed and well-reasoned decision, granting habeas relief to Mr. Stolte, should be affirmed. The trial court's human life analogy impermissibly raised the degree of doubt necessary for acquittal from a reasonable doubt to an extreme doubt. I'm saying you had four instructions that were correct. That's correct. Is that right? And how about the cases in the Supreme Court, Middleton and Victor, which indicates that you look at the concept of reasonable doubt as a whole, as it's charged? That's correct. You certainly look at the entire record. You look at all of the jury instructions and the entire record to determine whether or not the jury was properly instructed. The Supreme Court has also said in Cage, and this is where the State Council just got it wrong, the Supreme Court has, in fact, said where you give a proper reasonable doubt instruction, which was given in Cage, and then you give a definition that describes it incorrectly. Well, that's an error, and it violates the Constitution. And does the Supreme Court seem to back off of Cage in the later cases? I don't believe so, Your Honor. I believe that in Victor, the Supreme Court expressly said Cage was still law. I think Victor used the term moral certainty, which certainly is not a correct statement of reasonable doubt. That's correct. But because there were other instructions that clearly painted out the reasonable doubt instruction, the Court said that it was not constitutional error. That's correct. Because within the broad explanation given by the Court, the incorrect definition was later essentially explained away through better language. In this case ---- So your contention is because this is the last thing that the jury got? Absolutely, Your Honor. I mean, this is by clearly the very last thing that the jury got on this issue. In fact, there were no further questions on reasonable doubt, even though they deliberated for another ---- for several more days. Never again was there another question on reasonable doubt. This was the answer the Court gave on what reasonable doubt is, and this is what the jury accepted. And the sole question was still open. No verdict had been rendered at that point. That is correct. And in fact ---- and they then, I believe, rendered a verdict on the assault count the next day after the reasonable doubt instruction had been given. But that's correct. No decision had been made on that at the time the reasonable doubt instruction was given. And in fact, there were several jurors who had raised concerns in that discussion prior to the Blythe analogy. First, the jury foreperson brought it up, essentially on behalf of the entire jury, saying the jury has problems and is confused about reasonable doubt. Several other jurors then chimed in after that. So there were multiple jurors who, in fact, expressed misunderstanding about what reasonable doubt meant. And what the Court gave us an explanation for what a reasonable doubt is was not a reasonable doubt. The Court gave us an explanation, an extreme doubt. And then contrasted it with what the Court, I believe ---- With an unextreme doubt. With what the Court ---- that's right. Well, what he felt was reasonable was an unreasonable doubt, which, in fact, was a reasonable doubt. So ---- And I think what ---- if you read that, I think what happened was he really meant to be coming out with an unreasonable doubt, but he realized when he got to the end of the sentence that he actually hadn't. That's why he sort of ---- Perhaps. I mean, it's not entirely clear. And, of course, but that's part of the problem. He ---- it didn't get cleared up. And the jurors were left with a complete misunderstanding as to what reasonable doubt meant. And as Judge Ronhart brought up earlier, and the State court got it completely wrong. I mean, they misunderstood it as well in terms of what the Court had actually said. That renders this an objectively unreasonable application of clearly established Supreme Court precedent. As I said, Supreme Court precedent is very clear that you cannot give an incorrect definition of reasonable doubt. Victor says you don't have to give a definition of reasonable doubt, but if you give one, it has to convey it accurately. Here, the Court didn't do that. So we would ask the Court to affirm the lower court. Thank you. First of all, I agree with Your Honor that at the end of the illustration, perhaps he realized, hey, that's actually an example of a reasonable doubt, which is why he included it, but maybe that's not so unreasonable. So in essence, what was the jury left with? Two examples of doubts, almost three, actually, because the second one is a little ambiguous, of two examples of doubts that could be considered reasonable. At one point, the jury also explicitly, during the conversation, the Court explicitly told the jury that the prosecutor had the highest possible burden of proof. If you consider that, I just still do not see how these two illustrations taken together. Well, what he told them, I mean, clearly that's not true, because he told them later, and correctly, that it doesn't have to be absolutely certain, so it's not the highest possible burden. That's correct. The highest possible burden would be absolute certainty. I'm just saying the jury was told that this is, well, the highest, he was indicating that there are different burdens of proof. He was kind of trying to describe the chart without giving it to the jury and saying, yes, I understand there are different burdens of proof, but I just want to let you know that in criminal law, the prosecutor has the highest possible burden of proof, and that's what you should be applying. Well, the highest available is what he meant, but that still doesn't tell you what it is. What was that? It's the highest available, legally available, but that doesn't tell you what it is, and that's what they didn't know. No, you're correct, Your Honor. However, considering those words, it just seems extremely unlikely that the jury would have parsed through the Blythe illustrations and come to the conclusion that only if it had extreme doubt it could acquit. One final thing. Cage, Sullivan, and Winship, for that matter, all involved situations where the Court misdescribed the burden of proof and never provided any correct instructions on reasonable doubt. So those are all distinguishable cases. The jury has no further questions. Thank you. Thank you very much. Thank you, both of you. Case just argued will be submitted. The Court will stand in recess for the day.
judges: Reinhardt, Berzon, Miner